IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UAP DISTRIBUTION, INC.**                                                         **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:07cv133KS-MTP**

**JAMES ASHLEY SELMAN, SR.**                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#20]** filed on behalf of the plaintiff. The court, being fully advised in the premises and having reviewed the motion and the brief in support thereof, the pleadings and exhibits on file and being advised that the defendant has failed to respond to same finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

The plaintiff, UAP Distribution, Inc. (UAP) sold James Ashley Selman, Jr. d/b/a Deadwood Farms (Selman, Jr.) goods for his farming business enterprise on an open account basis. In conjunction therewith, the defendant, James Ashley Selman, Sr. (Selman, Sr.) executed a Continuing Unconditional Guaranty guaranteeing the purchases of Selman, Jr. from UAP.

Selman, Jr. defaulted in his payment obligations to UAP and on March 29, 2007, Selman, Jr. filed a voluntary petition for Bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi. Upon motion of UAP, the bankruptcy court lifted the automatic stay as to co-debtor Selman, Sr., and UAP made demand on him

as guarantor of Selman, Jr.'s debt in the amount of $284,947.73.[1] When the guarantor did not honor the guarantee, UAP filed the instant action on June 29, 2007.

The parties have completed discovery and the plaintiff has moved for summary judgment. In deposition testimony, Selman, Jr. has not challenged the invoices and bills of lading for UAP furnished products that were signed by him. He has asserted that he cannot verify the invoices and bills of lading signed for by Charlie Carr or Antonio Wiley, two employees of Deadwood Farms, because he does not know their signatures. Selman, Jr. does dispute certain invoices and bills lading which were not signed for by him or agents of Deadwood Farms and the ones reflecting delivery to an aviation service. The defendant has offered no proof that the invoices and bills of lading are not correct. In contrast, the plaintiff has produced detailed account ledgers with supporting affidavits attesting to their accuracy.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T.*

---

[1] With interest, the debt now totals $293, 239.13.

*for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).  The moving

party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

A *prima facie* case is made on an open account case based upon proof offered by the creditor. *Natchez Electric & Supply Co. v. Johnson*, 968 So.2d 358, 360 (Miss. 2007). Once the creditor offers a *prima facie* case, the burden shifts to the debtor to prove that the claim is incorrect. *Id.* Proof that a debt is not accurate takes more than unsubstantiated assertions that the debt is not correct or that the debtor doesn't know whether he received the goods. *Id*. at 36-364.

Further, to defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119. The defendant has failed to offer such proof in the face of a properly supported motion for summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#20]** filed on behalf of the plaintiff is Granted and the plaintiff is awarded a judgment against the defendant in the amount of $293, 239.13 plus interest at the rate of 1.55% from the date of this judgment until paid in full and that this matter is dismissed with prejudice. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 4th day of April, 2008.

                                            *s/Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE